IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALBERT L. BRINKMAN,

    Plaintiff,

v.                                  CASE NO. 18-3009-SAC

JOE NORWOOD, et al.,

    Defendants.

**O R D E R**

Plaintiff, a prisoner confined in the Hutchinson Correctional Facility in Hutchinson, Kansas, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. On February 2, 2018, the Court entered an Order to Show Cause ("OSC") (Doc. 13), ordering Plaintiff to show cause why the dismissals of his prior lawsuits should not prevent him from proceeding in forma pauperis in this action. Plaintiff has filed a Response (Doc. 15) to the OSC.

The Court finds that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).

1

The prisoner "should identify at least the general nature of the serious physical injury he asserts is imminent," and "should make a specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion." *Id*. (quoting *Hafed*, 635 F.3d at 1180). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted).

Plaintiff's Complaint alleges a failure to accommodate his disabilities, failure to provide a proper diet, and failure to allow him to practice his Wiccan religion. Plaintiff argues imminent danger in his Complaint, by alleging that he is subject to "assault/battery at any time due to the failure to accommodate ADA/R.A. needs." (Doc. 1, at 6.) Plaintiff alleges past incidents of excessive force, from November 9, 2016 to March 15, 2017, as a result of staff enforcing EDCF rules which do not allow for front-cuffing and instead require belly chains. Plaintiff also states that after belly chains were utilized, he was provided with a "broken wheelchair" or a restraint chair for transport to the shower. Plaintiff acknowledges that he was receiving his medication, but alleges he could not go to medical for examinations due to the policy requiring belly chains.

The Court found in the OSC that Plaintiff fails to show that he is in imminent danger of serious physical injury. His claims are conclusory and fail to contain "specific, credible allegations of imminent danger of serious physical harm." Although Plaintiff sets forth past incidents allegedly involving excessive force, allegations of past harm are insufficient. The Court also found that Plaintiff's two pending motions for preliminary injunctions (Docs. 11, 12) are based on the alleged denial of Plaintiff's exercise of his religious freedoms, and do not set forth an allegation of imminent danger of serious physical injury.

Plaintiff has now filed a Response (Doc. 13) to the OSC, and has filed a new Motion for Preliminary Injunction (Doc. 17). Plaintiff's response claims that because his medical diet order is not being followed for his daily meals, he could "bleed, go without food, suffer cramps, and come into conflict with staff." (Doc. 15, at 2.). Plaintiff also states that his "front cuff" order is not being followed, causing conflict with staff. Plaintiff's motion for a preliminary injunction asks the Court to order staff to strictly follow his medical orders and to prevent them from cancelling the medical orders. Plaintiff seeks to have his medical diet followed, and to have mistakes "fixed at the time," with "no styro's, no mush, no cold food." (Doc. 17, at 2.) Plaintiff fails to show that he is in imminent danger of serious physical injury. His claims are conclusory and fail to contain "specific, credible allegations of imminent danger of serious physical harm."

The Court has examined the Complaint and the various other pleadings filed by Plaintiff in this case, and finds that Plaintiff has failed to establish a threat of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. The Court's OSC also gave Plaintiff the opportunity to pay the $400 filing fee by February 28, 2018. Plaintiff has failed to pay the fee by the deadline.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's pending motions (Docs. 6, 11, 12, 17, 18, and 19 ) are **denied as moot.**

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 13th day of March, 2018.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**

4

**U.S. Senior District Judge**