IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALBERT L. BRINKMAN,**

    **Plaintiff,**

    v.                              CASE NO. 18-3009-SAC

**JOE NORWOOD, et al.,**

    **Defendants.**

**ORDER**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). On February 2, 2018, the Court entered an Order to Show Cause ("OSC") (Doc. 13), ordering Plaintiff to show cause why the dismissals of his prior lawsuits should not prevent him from proceeding in forma pauperis in this action. Plaintiff filed a Response (Doc. 15) to the OSC. On March 13, 2018, the Court entered an Order dismissing this matter without prejudice for failure to show cause and for failure to pay the filing fee by the deadline set by the Court. (Doc. 20). The Court found that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g), and Plaintiff failed to show that he is in imminent danger of serious physical injury. *Id*. This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment or to Reconsider Dismissal (Doc. 23).

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). "A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) may be granted only if the

1

moving party can establish (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice." *Wilkins v. Packerware Corp.*, 238 F.R.D. 256, 263 (D. Kan. 2006), *aff'd*, 260 F. App'x 98 (10th Cir. 2008) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Rule 59(e) does not permit a losing party to rehash or restate arguments previously addressed or to present new legal theories or supporting facts that could have been raised in plaintiff's earlier filings. *Wilkins*, 238 F.R.D. at 263 (citing *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997)); *Servants of Paracletes*, 204 F.3d at 1012. A 59(e) motion "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994) (citation omitted).

The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *Van Skiver v. U.S.*, 952 F.2d 1241, 1243–44 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

The Court found that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed

on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury.

Plaintiff's Complaint alleges a failure to accommodate his disabilities, failure to provide a proper diet, and failure to allow him to practice his Wiccan religion. Plaintiff argues imminent danger in his Complaint, by alleging that he is subject to "assault/battery at any time due to the failure to accommodate ADA/R.A. needs." (Doc. 1, at 6.) Plaintiff alleges past incidents of excessive force, from November 9, 2016 to March 15, 2017, as a result of staff enforcing EDCF rules which do not allow for front-cuffing and instead require belly chains. Plaintiff also states that after belly chains were utilized, he was provided with a "broken wheelchair" or a restraint chair for transport to the shower. Plaintiff acknowledges that he was receiving his medication, but alleges he could not go to medical for examinations due to the policy requiring belly chains.

In his response to the order to show cause, Plaintiff claimed that because his medical diet order is not being followed for his daily meals, he could "bleed, go without food, suffer cramps, and come into conflict with staff." (Doc. 15, at 2.). Plaintiff also stated that his "front cuff" order is not being followed, causing conflict with staff. The Court's dismissal order found that Plaintiff failed to show that he is in imminent danger of serious physical injury. His claims are conclusory and fail to contain "specific, credible allegations of imminent danger of serious physical harm."

In his motion to alter or amend judgment, Plaintiff alleges that, per the mailbox rule, he turned over a supplement to his response to the Court's order to show cause to prison officials on March 12, 2018, a day before the Court entered its dismissal order. However, the Court's show cause order at Doc. 13 gave Plaintiff until February 28, 2018, to either show cause or pay the

filing fee. So the fact that Plaintiff submitted a supplement after that date is not a reason to alter or amend the Court's dismissal order and judgment. Furthermore, even if the Court considers the supplement at Doc. 22, it does not provide sufficient evidence to show that Plaintiff was in imminent danger of serious physical injury. Plaintiff makes the same arguments regarding staff's failure to follow his medical restriction for "front cuffing." Plaintiff acknowledges that he is being "front cuffed" when going to the showers, yard, segregation review, and any other function within the cellhouse. However, Plaintiff argues that staff are requiring him to be restrained in bellychains and a wheelchair when leaving the cellhouse for hearings or appointments. Plaintiff alleges that this prevents him from using the onsite medical clinic. Plaintiff also alleges that his "soft diet" is not being followed properly, resulting in him "not consuming approx.. ½ of 4/2/18 meal." Plaintiff alleges that sometimes a hard item like a chip will injure Plaintiff's mouth or teeth. Plaintiff further alleges that his attempts to follow policy often cause him to be assaulted by angry staff.

Plaintiff has failed to establish a threat of imminent danger of serious physical injury. "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The prisoner "should identify at least the general nature of the serious physical injury he asserts is imminent," and "should make a specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion." *Id*. (quoting *Hafed*, 635 F.3d at 1180). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not

suffice." *Id*. (citations omitted).

Plaintiff does not contend that there has been an intervening change in the controlling law. Nor does he allege that there is newly discovered evidence, which was previously unavailable. If Plaintiff believes there is a need to correct clear error or prevent manifest injustice, he has not supported that belief with a description of clear error of fact or law. Furthermore, all allegations made by Plaintiff in this motion either were or could have been presented prior to dismissal of his case. His mere restatement of his claim, rehashing of arguments, advancement of new arguments or additional supporting facts, and disagreement with the findings and rulings of this Court fail to demonstrate the existence of any extraordinary circumstances that would justify a decision to alter or amend the order dismissing his action.

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its March 13, 2018 Order and Judgment at Docs. 20 and 21, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT that** Plaintiff's Motion to Alter or Amend Judgment or to Reconsider Dismissal (Doc. 23) is **denied**.

**IT IS FURTHER ORDERED that** Plaintiff's Motion to Amend First Amended Complaint (Doc. 24), Motion to Appoint Counsel (Doc. 26), and Motion to Exceed Page Limit (Doc. 27) are **denied.**

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 17th day of April, 2018.**

> **s/ Sam A. Crow**
> **Sam A. Crow**
> **U. S. Senior District Judge**